UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALICIA VALENTINE

    Plaintiff,                                                                CASE NO.:

v.

CROSS CITY LUMBER, LLC

    Defendant,
_____/

## COMPLAINT

Plaintiff, ALICIA VALENTINE, hereby sues Defendant, CROSS CITY LUMBER, LLC ("Cross City"), and alleges:

### NATURE OF THE ACTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("FCRA"), the Florida Civil Rights Act, 42 U.S.C. §2000e ("Title VII"), and the Equal Pay Act, 29 U.S.C. § 206, et seq ("EPA").

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper under 28 U.S.C. § 1391 because all events giving rise to Plaintiff's Claim occurred in Dixie County, Florida, which is within the Northern District.

## CONDITIONS PRECEDENT

4. Plaintiff has complied with all conditions precedent in this case, or such conditions have been waived. Prior to filing this civil action, Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). Plaintiff received a Right to Sue Letter from the EEOC.

## PARTIES

5. Plaintiff, Alicia Valentine, at all times material hereto, has been an employee of Defendant within the meaning of the EPA, Title VII, and the FCRA. Plaintiff is a resident of Dixie County.

6. Defendant, Cross City Lumber, LLC, is an employer under the applicable statutes. At all times relevant, Defendant is a Florida Corporation engaged in commerce or in the production of goods for commerce as defined in the FLSA, and the annual gross sales volume of Defendant was at all times relevant in excess of $500,000.00.

## FACTUAL ALLEGATIONS

7. Plaintiff, a female, was employed by Defendant on October 17, 2018, as a member of a Clean Up Crew, making $10.00 an hour.

8. Plaintiff also worked in the scanner cab making $11.00 an hour.

9. During her employment Plaintiff never received a negative performance review.

10. During her employment, Plaintiff was subjected to verbal abuse by her male co-workers, including profane sexual comments and threats of physical violence.

11. These comments came from her supervisors among others.

12. Plaintiff notified the President of the Company, West Grant about these comments, however nothing was done to correct the behavior.

13. In fact, Defendant blamed Plaintiff for the derogatory comments and allowed the comments to continue.

14. Shortly after Plaintiff reporting these issues, her car was vandalized at work. Defendant did nothing to investigate the vandalism.

15. Additionally, Plaintiff was required to train her male co-workers on how to use the scanner.

16. Plaintiff discovered that these less experienced male co-workers were making significantly more money an hour than her.

17. These male co-workers were doing jobs that required the same skill, effort, and responsibility as Plaintiff.

18. These male co-workers performed their work under the same or similar conditions.

19. When Plaintiff raised this issue with her superiors she was ignored or demeaned and called a "lazy motherfucking bitch" and as told she was causing problems by bringing those issues to their attention.

20. After raising these issues, Plaintiff was demoted back down to the cleaning crew.

21. Plaintiff was again the subject to derogatory comments, Defendant, rather than investigate the matter, suspended Plaintiff.

22. Plaintiff filed a charge of discrimination regarding these issues on July 15, 2019.

23. Defendant fired Plaintiff several days later.

## COUNT I
### Discrimination in Compensation
### Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.

24. Plaintiff incorporates herein Paragraph Numbers 1 through 23.

25. Plaintiff belongs to a protected class; she is female.

26. Plaintiff's job functions working on the scanner were of equal skill, effort, and responsibility as the job functions of Defendant's male employees who worked the scanner and were performed under the same or similar working conditions.

27. During all relevant periods, Plaintiff received wages lower than Defendant's male employees working the scanner's wages performing the same or substantially more work than her male coworkers.

28. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the same or substantially more work than her male coworkers at Defendant.

29. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

## COUNT II
### Discrimination in Compensation
### The Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII")

30. Plaintiff incorporates herein Paragraph numbers 1 through 23.

31. Plaintiff belongs to a protected class; she is female.

32. Defendant paid Plaintiff lower wages than her similarly situated male coworkers during all relevant periods in this Complaint.

33. Indeed, Plaintiff engaged in substantially the same work and was assigned substantially the same duties and job functions as her similarly situated male coworkers.

34.. Defendant paid Plaintiff lower wages because of sex.

35. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages for performing the same or substantially more work than these men.

36. Defendant violated Title VII and Plaintiff is entitled to damages and equitable relief.

## COUNT III
## RETALIATION
## 29 U.S.C. §215

37. Plaintiff incorporates herein Paragraph numbers 1 through 23.

38. Plaintiff opposed and complained about an act made unlawful under the Equal Pay Act.

39. Defendant subjected Plaintiff to material adverse employment actions after Plaintiff objected and complained about the unlawful practice.

40. There was a causal connection between Plaintiff' complaints and the material adverse employment actions.

41. Defendant violated the EPA and Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
## RETALIATION
## The Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII")

42. Plaintiff incorporates herein Paragraph Numbers 1 through 23.

43. Defendant retaliated against Plaintiff in violation of the Title VII of the Federal Civil Rights Act by terminating her employment.

44. Plaintiff engaged in protected activity by reporting discrimination and is therefore a member of a protected class within the meaning of the applicable law.

45. Plaintiff was terminated due to his protected activity.

46. Plaintiff has suffered damages because of Defendant's actions.

## COUNT V
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
## FLORIDA STATUTES § 760.10
## SEX DISCRIMINATION

47. Paragraphs 1-23 are re-alleged and incorporated herein by reference.

48. The foregoing actions of Defendant constitute unlawful discrimination and disparate treatment, based on age, in violation of the FCRA.

49. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against her, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits of which he was unlawfully deprived.

## COUNT VI
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
## FLORIDA STATUTES § 760.10
## RETALIATION

50. Paragraphs 1-23 are re-alleged and incorporated herein by reference.

51. Defendant retaliated against Plaintiff in violation of the Florida Civil Rights Act of 1992 by terminating his employment.

52. Plaintiff engaged in protected activity by reporting discrimination and is therefore a member of a protected class within the meaning of the applicable law.

53. Plaintiff was terminated due to his protected activity.

54. Plaintiff has suffered damages because of Defendant's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)  that process issue and this Court take jurisdiction over this case;

(b)  that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)  enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)  enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)  enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)  grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this 28th day of April, 2020.

/s/ *Kevin C. Kostelnik*
Kevin C. Kostelnik, FBN: 0118763

FRIEDMAN, ABRAHAMSEN & CRUZ
403 E. Park Avenue
Tallahassee, FL 32301
Telephone: (850) 681-3540
Kevin@fa-laywers.com

ATTORNEY FOR PLAINTIFF